J. V. HORTON, Adm'r, *v.* W. B. COPE *et al.*

1. CHANCERY PLEADINGS AND PRACTICE. *Administrator. Insolvent estate.*
The personal representative of a commissioner, appointed by a court
to sell property, has *prima facie* the right to sue upon a note given,
for the property sold and made payable to the commissioner, and
where a suit so brought is enjoined by the administrator of the debtor
by a bill suggesting the insolvency of the debtor's estate, and making
the persons beneficially interested in the note parties defendant with
the personal representative of the commissioner, the court will take
jurisdiction for all purposes so as to terminate the litigation.

2. SAME. *Administrator's bond. Sureties.* Where, in such a case, a cross-
bill was filed by one of the beneficiaries against the administrator of
the debtor and the sureties on his official bond, to hold them liable
for loss of assets, and no objection was taken for want of parties until
the final hearing, the court properly allowed the cross bill to be
amended by making the personal representative of the commissioner
a co-complainant.

3. SAME. *Administrator. Value of assets lost by negligence.* An administra-
tor, under an insolvent bill filed by him, will be held liable to the
creditors for the value of assets of the estate lost by his negligence.

4. SAME. *Injunction bond. Liability of security thereon.* A surety upon an
injunction bond given to enjoin a suit at law before judgment, is only
liable for costs and damages, the damages, in the absence of proof,.
being the interest which had accrued on the debt after the suing out
of the injunction.

FROM WHITE.

Appeal from the Chancery Court at Sparta. W.
G. CROWLEY, Ch.

W. F. STORY for complainant.

E. L. GARDENHIRE and H. C. & D. L. SNODGRASS
for defendants.

COOPER, J., delivered the opinion of the court.

Hans Carmichael died in 1863, and complainant J. V. Horton was appointed, on the 6th of July, 1863, and qualified as the administrator of his estate. At the time of his death, Hans Carmichael was the surety of one John Miller on a note dated September 4, 1862, and payable, twelve months after date, to John F. Voss, commissioner, for $750. This note was given for the purchase money of a slave sold under a decree of the county court in the case of W. B. Cope, administrator of Andrew Cope, deceased, against the widow and heirs of said Andrew Cope. On the 1st of June, 1868, suit was brought on this note in the circuit court by Jas. S. Voss as administrator of John F. Voss, who was then dead, against J. V. Horton, administrator of Hans Carmichael. On the 8th of October, 1868, J. V. Horton, as administrator, suggested to the county court the insolvency of his intestate's estate. On the 26th of August, 1873, he made his first and only settlement of his administration with the county court. And on the 4th of November, 1873, he filed this bill to transfer the administration of the estate to the chancery court, and to enjoin the further prosecution of the Voss suit at law. The Voss claim seems to have been the only one filed in the county court, upon the suggestion of insolvency, except a small account for $7.50, which need not be further noticed.

The complainant files this bill, he says, as well in behalf of Sarah A. Carmichael, the widow, and Eliza

Carmichael, the only child of his intestate, as in his own behalf as administrator. The defendants to the bill are Jas. S. Voss, administrator of John F. Voss, deceased, W. B. Cope and all of the heirs of Andrew Cope, deceased, and Alvin Copps, administrator of D. H. Copps, deceased. Copps was made a defendant as a creditor of Carmichael's estate, but the complainant afterwards, pending the litigation, compromised this claim by the payment of about $130. The only defendants are, therefore, the parties interested in the Voss note; and the main object of the bill is to have that note declared void because of alleged defects in the proceedings in the county court in the case in which it was given, whereby the title to the slave bought failed. It seems, however, that the proceedings in question have heretofore been declared valid by this court in other cases, and the proof is that Miller, the purchaser, received the slave, and sold him to a third person. The bill, in this view, is only before us as an insolvent bill for the winding up of the estate of complainant's intestate.

The defendants, Jas. S. Voss as administrator, and W. B. Cope, answered the bill, and contested the complainant's right to treat the estate as insolvent after the lapse of so many years, and also denying its insolvency in fact. W. B. Cope filed a cross-bill against Hunter, and Richard Maulden and James Cook, the sureties on his administration bond, for an account of the administration, and charging a *devastavit* and the loss of a large amount of assets by the negligence and mismanagement of Horton as administrator. In this

cross-bill, W. B. Cope charged that the greater part of the debt represented by the note payable to Voss was his private property. Horton answered this bill, and proof was taken by both sides on the matters of issue joined. When the case came on to be finally heard, Horton moved to dismiss the cross-bill for want of necessary parties, whereupon the bill, by permission of the court, was amended by making Jas. S. Voss, as administrator of John F. Voss, a co-complainant. The chancellor then heard the case, and being of opinion that Horton was chargeable as administrator with personal assets omitted from his account, and lost by culpable negligence, to an amount larger than the balance of debt due upon the Voss note, he gave the said Voss, as administrator, a decree for the sum due on his note against Horton, as administrator and individually, and against the sureties on his bond as administrator, and the only living surety on the injunction bond. From this decree Horton alone has appealed.

A demurrer was filed to the cross-bill, and causes of demurrer were also assigned at the end of Horton's answer, but the court was never required to act on either. The object of the cross-bill was to bring the sureties of the administrator before the court, the right of the defendants to a full account of the administration being clear under the original bill. The only serious objection to the cross-bill—the want of the proper party as complainant—was not suggested by the demurrer, and only raised on final hearing. This defect was cured by the amendment which was properly

allowed by the chancellor. The legal title to the note, which was in John F. Voss, the commissioner and payee, vested in his personal representative, subject, of course, to the trust in favor of Andrew Cope's widow and children. Until another trustee was appointed by the court, the authority continued in the commissioner and his personal representative: *Williams* v. *Bowman,* 3 Head, 679. No doubt, the party liable upon the note might impound the fund for the benefit of the parties actually interested, but the legal title would sustain an action. The original bill of Horton admits that the note was executed for property sold under the orders of the county court for the benefit of the heirs of Andrew Cope, deceased, and makes those heirs parties defendant. There are, therefore, before the court, the person having the legal title and the beneficiaries, and the right of the court to collect 'the fund and see to its appropriation, is clear beyond question. And the administrator himself having enjoined the suit at law and brought all parties before the court, the court will, according to its settled rule, take jurisdiction for all purposes so as to terminate the litigation: *Bains* v. *Perry,* 1 Lea, 40.

Upon the merits the chancellor's decree is undoubtedly correct. The testimony of Horton himself would convict him of gross neglect of duty, and, when taken in connection with the other evidence, leaves no doubt that by failing to sue within two years after the reopening of the courts, and by neglecting to press executions in those cases where he did sue, there was a loss to the estate of good assets to a larger amount

than the Voss claim. The funds, with which the complainant Horton concedes that he was properly charged in the settlement of August, 26, 1873, were more than sufficient to pay off the other liabilities of the estate, and leave a surplus. He is not entitled to any compensation for his services, not only because of the loss of assets, but because of his failure to make settlements as required by law. As the distributees are not demanding an account, and as the complainant is chargeable with sufficient assets to answer the demand of the defendants Voss and Cope without an account, the chancellor properly rendered a direct decree against him and his sureties. The chancellor was in error, however, in holding the surety on the injunction bond liable for the debt. The injunction was sued out before judgment, and, under the *fiat* of the chancellor, should have been conditioned only for costs and damages: Code, sec. 4439, sub-sec. 2. The damages, in the absence of proof that the complainant had become insolvent since the filing of the bill, would be the interest which accrued after that date.

With this modification, the decree will be affirmed.